## CIRCUIT COURT OF THE CITY OF WINCHESTER

Commercial and Savings Bank

v.

Coss Welding Supply, Inc.

February 18, 1983

Case No. (Law) 82-L-119

By JUDGE HENRY H. WHITING

In this case the defendant claims the conversion of personal property (trover) is "an action for which no limitation is prescribed" and therefore one year under the "catch-all" section, § 8.01-248.

In my opinion an action in trover is one directly affecting the property of another and specifically covered by Virginia Code § 8.01-243(B) as an action for "injury to property."

The three cases cited in § 10, *Limitation of Actions*, Vol. 12A, M.J., in support of the proposition that an action for trover must be brought within a year simply do not support the statement at all. All three of them dealt with a period of "adverse possession" of personal property, and each of them spoke of the period as longer than five years. I believe that the statute in effect when these cases were decided was what was the predecessor section to Title 45, Chapter 146, § 14, page 1001, of the 1887 Code, which is virtually the same statute as former Section 8-24 referring to actions which survive as being five years and those which do not survive as being one year. Although the express statutory mandate of survival as the test of the statute of applicable period of limitations has been abolished, I believe the rationale of the previous decisions under that statute would still be used in deciding whether the action involved

damage or interference with property rights was "damage to any estate" (direct) or "injury to person" (indirect damage to estate) not involving personal injuries.

If interruption to a leasehold estate with consequent business losses, *Keepe v. Shell Oil*, 220 Va. 587 (1979), and a stockholder's claim for damages for financial loss resulting from negligent mismanagement by bank directors, *Winston v. Gordon*, 115 Va. 899 (1914), are considered as damages flowing from injury to property interests, certainly the conversion alleged in this motion for judgment would seem to be the same. Any doubt as to the matter is laid to rest in considering the basic elements of trover and the fact that the plaintiff may waive the tort of trover and sue in assumpsit. This right is clearly stated in a quotation of our basic procedural authority:

> Whenever a person commits a wrong *against the estate of another*, with the intention of benefiting his own estate, the law will, at the election of the party injured, imply a contract on the part of the wrongdoer to pay the party injured the full value of all benefits resulting to such wrongdoer; and, in such case, the injured party may elect to sue upon the implied contract for the value of the benefits received by the wrongdoer.[1] § 91, *Burk's Pleading and Practice* (Boyd's Ed.), page 178. (Emphasis added.)

Counsel for the bank will draw the appropriate Order.

[1] Rather than for trover.